RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4228-14T2

IN THE MATTER OF
THE CIVIL COMMITMENT
OF C.E.G., SVP-452-07.

________________________________________________________________

 Submitted February 28, 2017 – Decided July 10, 2017

 Before Judges Reisner and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, SVP-452-
 07.

 Joseph E. Krakora, Public Defender, attorney
 for appellant C.E.G. (Nancy C. Hayes,
 Designated Counsel, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent State of New Jersey
 (Melissa Raksa, Assistant Attorney General, of
 counsel; Stephen Slocum, Deputy Attorney
 General, on the brief).

PER CURIAM

 C.E.G. appeals from a judgment entered by the Law Division

continuing his civil commitment to the Special Treatment Unit

(STU) pursuant to the Sexually Violent Predators Act (SVPA),

N.J.S.A. 30:4-27.24 to -27.38. On appeal, he contends that there
was no basis for the court to continue his commitment, because his

conviction for the New Jersey offense that served as the predicate

for his original commitment was vacated as a result of his

successful petition for post conviction relief (PCR). He also

argues there was insufficient evidence to sustain the court's

determination that he was a "sexually violent predator" or that

there was a "risk of future recidivism." We disagree and affirm.

 We last addressed C.E.G.'s commitment in a 2012 unreported

decision1 in which we summarized his history of violent crimes and

his initial commitment. We stated:

 C.E.G. was civilly committed under the SVPA
 by a final order entered on September 7, 2007.
 We affirmed that order. [C.E.G. I, supra,
 slip op. at 1.] We described the factual
 background of C.E.G.'s commitment as follows:

 To summarize his history of criminal
 convictions, from the time he was
 eighteen to the time he was forty-
 two, C.E.G. attempted to anally
 penetrate a three-year old girl in
 Virginia in 1980; tried to rape a
 twenty-seven year old female
 neighbor in 1995; and molested a
 thirteen-year old boy in 2004. He
 was also involved in at least two
 non-sexual offenses in which he was

1
 This is our fourth review and affirmance of the trial court's
decisions to continue C.E.G's commitment. See In re Civil
Commitment of C.E.G. (C.E.G. I), No. A-0823-07 (App. Div. Nov. 12,
2009); In re Civil Commitment of C.E.G. (C.E.G. II), No. A-2953-
09 (App. Div. Aug. 2, 2010), certif. denied, 205 N.J. 101 (2011);
In re Civil Commitment of C.E.G. (C.E.G. III), No. A-1624-11 (App.
Div. June 26, 2012), certif. denied, 213 N.J. 567 (2013).

 2 A-4228-14T2
 armed with a gun. C.E.G. spent his
 prison sentence for the 2004 offense
 in the New Jersey State facility for
 sex offenders at Avenel (ADTC).
 While at ADTC, he made little
 progress in treatment, "did not
 acknowledge his sexually
 inappropriate behavior, and he
 continued to minimize or deny the
 offenses."

 [C.E.G. I, supra, slip op. at 2-3).]

 While at the STU, C.E.G. has declined to
 participate in treatment. He also declined
 to be interviewed for the psychological report
 prepared for his review hearing and declined
 to attend the hearing itself, which was held
 on October 20, 2011.

 [C.E.G. III, supra, slip op. at 1-2.]

 C.E.G. has continued to refuse to participate in treatment

or be interviewed for the psychological reports prepared for his

review hearings. However, since our last review, C.E.G.

successfully pursued a PCR petition that resulted in the vacating

of his 2005 conviction for third-degree endangering the welfare

of a child (EWC), N.J.S.A. 2C:24-4(a), which was also the only

sexual violent offense he committed in New Jersey. He subsequently

pled guilty to harassment, N.J.S.A. 2C:33-4, a disorderly persons

offense.2

2
 The PCR court allowed C.E.G. to withdraw his original plea.

 3 A-4228-14T2
 Relying on the vacating of his conviction for EWC, C.E.G.

filled a motion seeking an order to vacate his original commitment,

arguing that harassment did not constitute a predicate offense

under the SVPA. In response, Judge Phillip M. Freedman ordered

the State to file an updated petition for civil commitment. The

State amended its petition to rely upon C.E.G.'s 1995 Virginia

conviction for attempted rape as the predicate offense.

 On April 24, 2015, Judge Freedman held what he characterized

as both a review hearing and "a re-hearing based on the new status

of [C.E.G.'s] criminal history." At the hearing, the State

presented the unrebutted expert testimony of Dr. John P. Zincone,

a psychiatrist, and Dr. Laura Carmignani, a psychologist. C.E.G.

offered no testimony or other evidence.

 The State's experts confirmed that C.E.G. refused to be

interviewed by them or participate in any treatment programs and

remains on "refusal status." Because C.E.G. refused to be

interviewed, the experts relied solely upon C.E.G.'s criminal

history and institutional records, including reports from other

experts prepared over the years, to formulate their opinions.

 Zincone testified C.E.G. suffers from anti-social personality

disorder and other specified paraphilic disorder. He stated the

fact that C.E.G.'s conviction for EWC was vacated did not change

the underlying facts of his 2004 offense, which C.E.G. recounted

 4 A-4228-14T2
to a doctor at ADTC. Zincone noted C.E.G. has a substantial

criminal history involving victims in a "broad age range,"

including "sexual activity with children in the post-pubescent

[and] pre-pubescent age range, [and] non-consenting sex with an

adult," in addition to violent non-sexual criminal offenses. The

doctor opined that the aggregate of those offenses raises the risk

C.E.G. will reoffend if released. Moreover, C.E.G.'s records

reflected that he has made statements while at ADTC about not

being able to control his sexual impulses and "indicat[ing he had]

thoughts of having sex with someone much younger than himself."

Zincone concluded C.E.G. "suffers from a mental abnormality or

personality disorder which predispose[s] him to sexually

reoffend," with a Static-99R score that reflects he is at a

moderate to high risk of reoffending.

 Carmignani's testimony paralleled Zincone's observations,

diagnoses, and conclusions, adding that the Static-99R testing

manual "states that overturned convictions can still be counted

as the index offense" for purposes of determining the likelihood

the subject would reoffend. She also noted, the STU has required

that C.E.G. participate "in the treatment orientation process

group at least once a week" in an attempt "to convince him to come

off treatment refusal status and to engage in treatment."

 5 A-4228-14T2
 On May 1, 2015, Judge Freedman entered a judgment continuing

C.E.G.'s commitment and placed his reasons on the record on the

same date. In his thorough oral decision, the judge reviewed the

history of C.E.G.'s commitment and the predicate offense. He also

discussed the experts' reports admitted into evidence, their

testimony, and their recommendations for continued commitment. He

also considered the reports about C.E.G.'s progress in

institutional programs, including his refusal to participate in

treatment. Judge Freedman found by clear and convincing evidence

that C.E.G.

 suffer[s] from a mental abnormality in the
 form of paraphilia [and other] diagnoses, and
 a personality disorder . . . that affect him
 mostly cognitively so as to predispose him
 . . . to engage in acts of sexual violence.
 And that if released, he would be -- would
 have serious difficulty controlling his
 sexually violent behavior and would, for the
 reasonably foreseeable future, be highly
 likely to engage in acts of sexual violence.

 On appeal, C.E.G. argues:

 POINT I.
 THE COURT ERRED BY FAILING TO GIVE PROPER
 WEIGHT TO [C.E.G.'s] CHANGED CIRCUMSTANCES,
 WHICH SHOULD HAVE UNDERMINED THE STATE'S CASE.

 POINT II.

 THE STATE FAILED TO PROVE BY CLEAR AND
 CONVINCING EVIDENCE THAT RESPONDENT [C.E.G.]
 IS A SEXUALLY VIOLENT PREDATOR AND THAT THE
 RISK OF FUTURE RECIDIVISM IS AT A SUFFICIENTLY

 6 A-4228-14T2
 HIGH LEVEL TO JUSTIFY CONTINUED CIVIL
 COMMITMENT UNDER THE CURRENT TREATMENT PLAN.

 The scope of our review of a trial court's commitment decision

is "extremely narrow." In re Civil Commitment of R.F., 217 N.J.

152, 174 (2014) (quoting In re D.C., 146 N.J. 31, 58 (1996)). We

must defer to the trial judge's findings of fact so long as they

are supported by sufficient credible evidence in the record. Id.

at 175. Deference to the trial judge's factual findings is

appropriate because the judge had the "opportunity to hear and see

the witnesses and to have the 'feel' of the case, which a reviewing

court cannot enjoy." Id. at 174 (quoting State v. Johnson, 42

N.J. 146, 161 (1964)).

 The SVPA permits the involuntary civil commitment of "'a

person who has been convicted . . . of a sexually violent offense'

who 'suffers from a mental abnormality or personality disorder

that makes the person likely to engage in acts of sexual violence

if not confined in a secure facility for control, care and

treatment.'" Id. at 173 (quoting N.J.S.A. 30:4-27.26). To obtain

an order of commitment under the SVPA, the State must prove "by

clear and convincing evidence," N.J.S.A. 30:4-27.32(a),

 1) that the individual has been convicted of
 a sexually violent offense; (2) that he
 suffers from a mental abnormality or
 personality disorder; and (3) that as a result
 of his psychiatric abnormality or disorder,
 "it is highly likely that the individual will

 7 A-4228-14T2
 not control his or her sexually violent
 behavior and will reoffend."

 [Ibid. (citations omitted) (quoting In re
 Commitment of W.Z., 173 N.J. 109, 130
 (2002)).]

 "Clear and convincing evidence" is "evidence that produces

'a firm belief or conviction' that the allegations are true" and

"is 'so clear, direct[,] . . . weighty and convincing' that the

factfinder can 'come to a clear conviction' of the truth without

hesitancy." R.F., supra, 217 N.J. at 173 (quoting In re Jobes,

108 N.J. 394, 407 (1987)).

 Applying these guiding principles, we turn first to C.E.G.'s

argument that the judge should not have relied upon an out-of-

state conviction as a predicate offense, and we conclude it is

without sufficient merit to warrant further discussion in a written

opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the

reasons stated by Judge Freedman in his oral decision. We add the

following brief comments.

 The PCR court's vacating of C.E.G.'s conviction for EWC did

not establish changed circumstances, and Judge Freedman correctly

relied upon his out-of-state conviction as a predicate offense to

maintain his commitment. Out-of-state convictions that

"correspond sufficiently to sexual assaults proscribed under New

Jersey law and qualifying as predicate offenses under the SVPA"

 8 A-4228-14T2
can form the predicate offense for commitment, even though they

occurred in another state and years earlier. See In re Civil

Commitment of R.Z.B., 392 N.J. Super. 22, 44 (App. Div.), certif.

denied, 192 N.J. 296 (2007).

 Equally without merit is C.E.G.'s challenge based upon the

State's failure to file new certificates with its amended petition,

see N.J.S.A. 30:4-27.26; N.J.S.A. 30:4-27.28, and his claim that

the evidence adduced at trial was insufficient. Contrary to his

argument, we will not vacate an order for commitment due to a

technical deficiency in an underlying certificate when "the

totality of the evidence" establishes defendant was a sexually

violent predator suffering from a mental condition that made it

highly likely he would reoffend, In re Civil Commitment of T.J.N.,

390 N.J. Super. 218, 226 (App. Div. 2007), especially when we

conclude, as here, the judge's findings were supported by

substantial credible evidence, despite C.E.G.'s ongoing refusal

to be interviewed for the reports.

 Affirmed.

 9 A-4228-14T2